J-S11036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROGER CHARLES WILLIAMSON | : | |
| Appellant | : | No. 1011 WDA 2021 |

Appeal from the PCRA Order Entered August 11, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002932-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROGER CHARLES WILLIAMSON | : | |
| Appellant | : | No. 1012 WDA 2021 |

Appeal from the PCRA Order Entered August 10, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000155-2016

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: JUNE 14, 2022**

Roger Charles Williamson ("Williamson") appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On November 24, 2014, emergency first responders in Erie received a call directing them to a person who needed assistance. When they arrived at the scene, they found Williamson lying on the sidewalk. He reeked of alcohol, his speech was slurred, and he was having difficulty sitting up. Williamson refused medical attention and attempted, unsuccessfully, to stagger away. Police arrived, arrested Williamson for public intoxication, and drove him to the police station. He resisted and had to be physically removed from the patrol car. The officers held his wrists and walked him to a cell. Williamson forcibly resisted entering it and lunged at Officer Gabriel Carducci. The officers pinned him to the ground with Officer Carducci's forearm around Williamson's head, near his mouth. Williamson bit Officer Carducci's arm repeatedly, drawing blood. N.T., 6/7/16, at 36-73.

The Commonwealth charged Williamson with aggravated assault, resisting arrest or other law enforcement, public drunkenness, and other offenses.[2] At trial, the prosecutor played videos from three different cameras of the police interaction with Williamson at the police station. N.T., 6/7/16, at 54, 75, 78. Defense counsel replayed two of those videos during Williamson's testimony. *Id*. at 50, 60. In closing argument, defense counsel asserted that the videos showed excessive police force and demonstrated Williamson's right to exercise self-defense. N.T., 6/8/16, at 100-02, 109. A

---

[2] **See** 18 Pa.C.S.A. §§ 2702, 5104, 5505.

jury convicted Williamson of the above-listed charges, and the trial court imposed an aggregate term of thirty-six to seventy-two months of imprisonment.[3]

Williamson filed a direct appeal challenging the discretionary aspects of his sentence. This Court affirmed the trial court's denial of relief. **See Commonwealth v. Williamson**, 2017 WL 838478 (Pa. Super. 2017) (unpublished memorandum). The Pennsylvania Supreme Court denied Williamson's petition for allowance of appeal.

Williamson filed a timely *pro se* PCRA petition. The PCRA court appointed William J. Hathaway, Esquire to represent Williamson. Attorney Hathaway first filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*), but then filed an amended petition asserting, among other claims, that the videos of the prison incident produced to the defense were incomplete or the product of tampering. **See** Amended Petition, 11/27/18, 2.

On December 18, 2018, the PCRA court conducted a hearing on Williamson's amended PCRA petition. Williamson testified that he believed sections of the videos were missing, his trial counsel had failed to procure

---

[3] The trial court imposed a consecutive term of imprisonment for a theft conviction (docket 2932 of 2007), on which Williamson had been serving a term of probation when he committed these new offenses. On appeal, Williamson does not assert any issue relating to his theft conviction.

them, and the videos shown at trial had been edited or manipulated. N.T., 12/18/18, 6-11, 14-15. Trial counsel testified that she had emphasized to the jury that the videos appeared to be "starting and stopping and jumpy," as is frequently the case with prison videos. *Id*. at 20-22, 25. Trial counsel also testified that, had she believed that the videos had been altered, she would have pursued that claim. *Id*. at 21, 25-26. However, she believed the videos supported Williamson's self-defense claim, and she therefore stipulated to its admissibility. *Id*. at 23-24. The PCRA court denied relief. *Id*. at 29-30. Williamson filed a timely Pa.R.A.P. 1925(b) statement, and a newly-appointed PCRA court filed a Rule 1925(a) opinion.

Counsel for Williamson raised two issues in his appeal of the denial of PCRA relief, but did so deficiently, resulting in the waiver of both claims. *See Commonwealth v. Williamson*, 2019 WL 4865569 at *2-*3 (Pa. Super. 2019) (unpublished memorandum). This Court remanded the case to the PCRA court for the appointment of counsel and, if deemed necessary, the filing of a "cogent" appellate brief. *Id*. at *4.

On remand, the PCRA court appointed new PCRA counsel, James Miller, Esquire. In response to Attorney Miller's application, this Court vacated the PCRA court's dismissal of Williamson's first amended PCRA petition and remanded for Attorney Miller to file a second amended PCRA petition. When he did not do so, the PCRA court appointed Michael Harmon, Esquire, who filed an amended PCRA petition. The PCRA court found that petition defective

and ordered Attorney Harmon to file another amended petition. Attorney Harmon filed an amended petition asserting trial counsel's ineffectiveness for failing to: 1) investigate whether the prison videos had been subject to tampering; 2) seek an expert on that issue; 3) cross-examine effectively about gaps in the videos; and 4) argue to the jury that the videos had been altered or that additional video existed. *See* Second Amended PCRA petition, 1/11/21, ¶ 21.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition. It noted trial counsel's prior testimony that she: 1) did not believe the videos, although "jumpy," had been altered; 2) would have pursued the matter had she believed the videos had been altered, and 3) believed that the videos played at trial supported Williamson's claim of self-defense. Rule 907 Notice, 4/8/21, at 10. It also noted that the prior PCRA court had found Williamson's testimony that additional videos existed not to be credible. *Id*. at 4 (citing PCRA Court Order, 12/19/18). The PCRA court concluded that Williamson had not proved that the video had been altered, and that trial counsel had a reasonable basis not to pursue a claim of tampering, in cross-examination or closing argument. The PCRA court dismissed Williamson's claim that trial counsel was ineffective for failing to obtain an expert witness because Williamson failed to prove alteration or the existence of additional video. *See* Rule 907 Notice, 4/8/21, at 9-11. Williamson did not respond to the Rule 907 notice.

On August 11, 2021, the PCRA court dismissed Williamson's petition. Williamson filed a timely notice of appeal. Both he and the PCRA court complied with Pa.R.A.P. 1925.[4]

Williamson raises the following issue for our review:

Whether the PCRA [c]ourt erred in denying [Williamson's] request for relief when his trial counsel failed to investigate whether the video used by the prosecution was tampered with, failed to seek an expert in that regard, failed to effectively cross-examine Commonwealth witnesses about the gap in the video or whether any other video footage existed, and failed to argue in her closing argument that the video had been tampered with or that any video footage was missing.

Williamson's Brief at 1.

This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. Super. 2018) (citations and quotations omitted).

---

[4] The PCRA court issued a Rule 1925(a) opinion incorporating by reference the reasoning in its Rule 907 Notice.

Williamson's issue implicates the ineffective assistance of counsel. As this Court has stated, to obtain relief on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. If a claim fails under any required element . . . the court may dismiss on that basis. Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant.

*Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*) (citations omitted).

A claim that counsel was ineffective for failing to investigate requires a showing that evidence existed that counsel should have uncovered; absent such evidence, the claim cannot establish ineffectiveness. *See Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981). A claim that counsel was ineffective for failing to call an expert witness is facially defective when a petitioner does not identify the witness or show that she was available and willing to testify for the defense. *See Commonwealth v. Selenski*, 228 A.3d 8, 17 (Pa. Super. 2020).

A claim that trial counsel ineffectively cross-examined a witness lacks arguable merit where the petitioner does nothing to establish that a different manner of cross-examination would have caused the witness to alter his testimony in any significant way. *See Commonwealth v. Begley*, 780 A.2d

605, 632 (Pa. 2001). Counsel cannot be ineffective for failing to pursue a meritless claim. ***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021).

Williamson asserts that trial counsel should have cross-examined Officer Carducci about whether additional videos of the incident existed, done more to determine if there were any additional videos, sought an expert, and argued in closing that the videos had been altered. Williamson's Brief at 5-7.

The PCRA court found that Williamson had not proved that additional videos existed, but offered only his unsubstantiated personal belief that it did. ***See*** Rule 907 Notice, 4/8/21, at 10.[5]

We discern no error in the PCRA court's ruling, although we do so on the grounds that Williamson's claims lack arguable merit. ***See Commonwealth v. Wiley***, 966 A.3d 1153, 1157 (Pa. Super. 2009) (this Court may affirm the decision of a PCRA court if there is any basis on the record to support the PCRA court's action, even if we rely on a different basis in our decision to affirm).[6]

---

[5] The PCRA court stated that trial counsel had extensive experience with police videos, and reasonably believed that the video had not been altered. ***Id***. at 3, 10. It accordingly concluded that counsel had a reasonable basis not to pursue Williamson's assertion of tampering, or to raise that issue in cross-examination or closing argument. ***Id***. at 10.

[6] The PCRA court's reasonable basis finding is an additional, alternate basis for its denial of Williamson's claim. ***Johnson***, 236 A.3d at 68.

All of Williamson's claims are premised on his assertion that the police videos were altered or that additional videos of the incident exist. The PCRA court stated that Williamson offered no evidence to support such "pure speculation." **See** Rule 907 Notice, 4/8/21, at 4. Absent any proof that additional videos exist, Williamson's claim that trial counsel was ineffective for failing to investigate the existence of additional videos lacks arguable merit. **See Pettus,** 424 A.2d at 1335.[7] Williamson's related assertion that counsel failed to retain an expert to examine the video likewise lacks arguable merit because he did not identify an expert, or assert any of the other elements of a missing witness claim, including, most importantly, that the witness would have provided favorable testimony. **See Selenski**, 228 A.3d at 17.

Williamson's assertion that trial counsel ineffectively cross-examined Officer Carducci lacks merit because he cannot show that different cross-examination would establish that additional videos existed. **See Begley**, 780 A.2d at 632.

Finally, Williamson's assertion that trial counsel was ineffective for not arguing that the video had been tampered with lacks merit because there is no proof of any tampering. Trial counsel was not ineffective for failing to make such a baseless assertion. **See Commonwealth v. Mullen**, 267 A.3d

---

[7] As explained, the PCRA court's reasonable basis finding is an additional, alternate basis for its denial of Williamson's claim. **Johnson**, 236 A.3d at 68.

507, 512 (Pa Super. 2021) (counsel cannot be ineffective for not pursuing a meritless claim. Because none of Williamson's assertions has arguable merit, his issue fails without further analysis. **_See Johnson_**, 236 A.3d at 68.

   Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2022